IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEN WILSTEAD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:20-CV-2788-D |
| | § | |
| SHELBY COMER, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this removed action, the instant motion for leave to amend requires the court to decide under the *Hensgens*\* factors whether plaintiff Ken Wilstead, D.D.S. ("Dr. Wilstead"), should be allowed to amend his state-court petition to add five additional defendants, one of whom is a non-diverse defendant whose joinder would require remanding the case. Concluding that Dr. Wilstead should not be permitted to add the non-diverse defendant, the court denies the motion.

I

This lawsuit arises out of comments allegedly made about Dr. Wilstead by defendant Shelby Comer, D.D.S. ("Dr. Comer"), in an online forum called "Dental Hacks." According to Dr. Wilstead, Dr. Comer posted untrue comments about Dr. Wilstead and his dental practice on or about July 9, 2020.

---

\**Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).

Dr. Wilstead, a Texas resident, brought suit in state court against Dr. Comer on July 29, 2020.  Dr. Comer removed the suit to this court on September 7, 2020 based on diversity of citizenship.  On December 8, 2020 Dr. Wilstead filed the instant motion for leave to amend and add similar claims against five additional defendants ("Proposed Defendants"), including Elizabeth Burns Berry, D.D.S. ("Dr. Berry"), a Texas resident.  In his amended complaint, Dr. Wilstead alleges that Dr. Comer and four of the Proposed Defendants left libelous comments on the Dental Hacks forum on July 9, 2020, and one Proposed Defendant left a libelous comment on October 17, 2020.  Dr. Comer opposes Dr. Wilstead's motion for leave to amend.

II

"When a plaintiff seeks to join a non-diverse defendant after a case is removed based on diversity, 28 U.S.C. § 1447(e) gives the court the discretion to deny joinder or permit it and remand the case to state court." *Alba v. S. Farm Bureau Cas. Ins. Co.*, 2008 WL 4287786, at *1 (N.D. Tex. Sept. 19, 2008) (Fitzwater, C.J.) (citing *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)).  "[T]he diverse defendant has an interest in retaining the federal forum." *Hensgens*, 833 F.2d at 1182.  The court must therefore balance the original defendant's interest in maintaining a federal forum with the competing interest in avoiding potentially parallel litigation.  *Cannon v. Hartford Ins. Co. of the Midwest*, 1997 WL 760500, at *1 (N.D. Tex. Nov. 19, 1997) (Fitzwater, J.).  In determining whether to allow a non-diverse party to be joined after removal, the court considers four factors: (1) whether plaintiff's purpose is to defeat federal jurisdiction; (2) whether plaintiff has been

- 2 -

dilatory in asking for amendment; (3) whether plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities. *Hensgens*, 833 F.2d at 1182.

### III

### A

The court first considers Dr. Wilstead's purpose in seeking to add Dr. Berry and the other Proposed Defendants. Courts addressing this factor assess, *inter alia*, "the viability of the claims alleged against a new defendant, the timing of a plaintiff's attempt to add the defendant, and whether the plaintiff knew or should have known the identity of the new defendant prior to removal." *Appliance All., LLC v. Sears Home Appliance Showrooms, LLC*, 2015 WL 9319179, at *5 (N.D. Tex. Dec. 23, 2015) (Lynn, J.) (citation omitted).

Dr. Wilstead contends that the "purpose of the amendment is to bring all similar claims in one matter in order to reduce the costs of litigation and conserve judicial resources." Mot. at 2. He asserts that he did not include the Proposed Defendants in the original state-court petition because he was not aware of additional comments made on the Dental Hacks blog posts and his friends forwarded him posts periodically.

Dr. Comer argues that the purpose of adding Dr. Berry is to defeat diversity jurisdiction, and that with the exception of one comment, all of the allegedly libelous comments—including Dr. Berry's—were made in response to the same post on July 9, 2020. Because the state-court petition quotes Dr. Comer's July 9 comments, he concludes that Dr. Wilstead was aware, or should have been aware, of the comments made by the Proposed

Defendants on the same day on the same post, including Dr. Berry's comment. Dr. Comer also points out that Dr. Wilstead waited five months after filing his state-court petition to seek to add the Proposed Defendants.

The court finds that this factor weighs against granting leave to amend. Suspicion exists "if the plaintiff[s] knew of the non[-]diverse defendant from the outset and chose to exclude [her] from the original pleading." *Appliance All.*, 2015 WL 9319179, at *6 (second alteration in original) (quotation omitted). Although Dr. Wilstead maintains that he was unaware of the Proposed Defendants' comments when he filed the state-court lawsuit, he asserts that friends periodically forwarded him the Dental Hack blog posts, including the July 9 blog post on which Dr. Berry commented. The court is not persuaded that Dr. Wilstead did not or could not have known of these comments at the time he filed his state-court petition.

B

The court next considers whether Dr. Wilstead has been dilatory in seeking amendment. This factor requires a case-by-case inquiry. "There is no set timetable for when the timing of a proposed amendment reflects dilatoriness." *Appliance All.*, 2015 WL 9319179, at *6 (comparing cases). If significant activity beyond the pleading stage has not yet occurred, courts often find that amendment is timely, unless the plaintiff "had ample information about [the proposed defendants'] identity and involvement in [the underlying controversy] before [plaintiff] filed the suit in state court." *Estate of Alex ex rel. Coker v. T-Mobile US, Inc.*, 2018 WL 993784, at *2 (N.D. Tex. Feb. 21, 2018) (Lynn, C.J.) (alterations in original) (quoting *Gallegos v. Safeco Ins. Co. of Ind.*, 2009 WL 4730570, at

- 4 -

*4 (S.D. Tex. Dec. 7, 2009)). And if the only "credible reason for waiting until after removal" to seek amendment is to defeat diversity jurisdiction, courts are likely to find that plaintiffs have been dilatory. *Varela v. Home Depot U.S.A., Inc*., 2019 WL 1041335, at *4 (N.D. Tex. Mar. 4, 2019) (McBryde, J.) (citation omitted).

The court finds that Dr. Wilstead has been dilatory in seeking amendment. Although no significant activity has occurred beyond the pleading stage, Dr. Wilstead has not provided any explanation for waiting more than four months after filing his state-court petition to seek to join Dr. Berry and the other Proposed Defendants. While Dr. Wilstead vaguely alleges that he received Dental Hack blog posts "from time-to-time," Reply at 1, he does not specify when he received the blog post containing Dr. Berry's comment or explain why he did not have access to her comment when he received the July 9 post on which Drs. Comer and Berry allegedly commented. Because Dr. Wilstead has failed to offer a credible explanation for his four-month delay, it is reasonable to infer that he is moving to amend after removal for the purpose of defeating diversity jurisdiction. *See Varela*, 2019 WL 1041335, at *4; *see also Gumm v. State Farm Lloyds*, 2017 WL 3835691, at *2 (N.D. Tex. Aug. 31, 2017) (McBryde, J.) ("The second factor favors [defendant] as well. Although only two months separate the initiation of the action in state court and plaintiff's filing of the instant motions, there is no reason that plaintiff could not have named [non-diverse defendant] as a defendant when he originally filed suit."). The court therefore holds that the second factor supports denying Dr. Wilstead's motion to amend.

- 5 -

C

Concerning the third factor, Dr. Wilstead does not cite any significant injury that he would suffer if the motion to amend is denied, nor does the court discern any. The court recognizes that Dr. Wilstead will have to file a separate lawsuit, likely in state court, to pursue his claims against Dr. Berry. But "[t]he mere potential for parallel litigation . . . is not grounds for granting the amendment; the party must show that it will be *significantly* injured if the court denies joinder." *Andrews Restoration, Inc. v. Nat'l Freight, Inc.*, 2015 WL 4629681, at *6 (N.D. Tex. Aug. 4, 2015) (Lynn, J.) (emphasis in original) (citing *Alba*, 2008 WL 4287786, at *2). The court therefore concludes that the third factor supports denying Dr. Wilstead's motion for leave to amend.

D

The court analyzes under the fourth factor whether any other considerations bear on the equities. This factor allows courts to "address any 'unique circumstances presented' by the parties" in "weigh[ing] the plaintiff's overarching interest in avoiding parallel litigation, with the defendant's desire to pursue the case in federal court." *Andrews Restoration*, 2015 WL 4629681, at *7 (first excerpt quoting *Bonilla v. Am.'s Servicing Co.*, 2011 WL 3882280, at *5 (S.D. Tex. Sept. 2, 2011); second excerpt citing *Hensgens*, 833 F.2d at 1182). The court holds that there are no unique equitable interests to consider here. This factor is therefore neutral.

- 6 -

E

Considering all of the *Hensgens* factors, the court concludes that they weigh against allowing Dr. Wilstead to amend his original state-court petition for purposes of adding Dr. Berry and the other Proposed Defendants.

\* \* \*

Accordingly, for the reasons explained, the court denies Dr. Wilstead's motion for leave to amend.

**SO ORDERED**.

March 24, 2021.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE