IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEN WILSTEAD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:20-CV-2788-D |
| | § | |
| SHELBY COMER, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this removed action, defendant Shelby Comer, D.D.S. ("Dr. Comer") moves under Fed. R. Civ. P. 12(b)(2) to dismiss for lack of personal jurisdiction, or, alternatively, to transfer this action to the Eastern District of North Carolina. But before he removed this case, Dr. Comer filed an answer in state court without challenging personal jurisdiction or venue. The court therefore denies the motion.

I

On July 29, 2020 plaintiff Ken Wilstead, D.D.S. ("Dr. Wilstead") filed this lawsuit in Texas state court, alleging that Dr. Comer defamed him in comments on an online blog post. On August 28, 2020, while the case was still pending in state court, Dr. Comer filed an original answer that included a general denial, but he did not challenge personal jurisdiction or venue. A few days later, he removed the case to this court. Dr. Comer now moves to

dismiss the case for lack of personal jurisdiction, or, alternatively, to transfer venue to the Eastern District of North Carolina. Dr. Wilstead opposes the motion.*

II

Dr. Comer's motion must be denied because he waived his right to challenge personal jurisdiction and venue by filing an answer in state court without challenging jurisdiction or venue, and by removing the case to this court.

"If a defendant does not 'file a special appearance or challenge to jurisdiction before his general denial, [the d]efendant submits himself to the jurisdiction of the state court.'" *Klein v. Novotony*, 2017 WL 4083559, at *3 (N.D. Tex. Aug. 22, 2017) (Stickney, J.) (quoting *Hakemy v. Jackson*, 2001 WL 492378, at *1 (N.D. Tex. May 4, 2001) (citation omitted)), *rec. adopted*, 2017 WL 4083166 (N.D. Tex. Sept. 13, 2017) (Kinkeade, J.). In other words, a defendant who files an answer in state court without challenging personal jurisdiction waives his objection to personal jurisdiction in federal court. *See Hakemy*, 2001 WL 492378, at *1. Likewise, a defendant waives the right to challenge venue by filing an answer in state court without challenging venue. *See West v. City Nat'l Bank of Birmingham*, 597 S.W.2d 461, 464 (Tex. Civ. App. 1980, no writ). And a defendant waives his objection to venue in federal court by removing the case. *See Burlington N. & Santa Fe Ry. Co. v.*

---

*Dr. Wilstead filed his response to the motion on February 25, 2021. Dr. Comer's reply, if he opted to file one, was due on March 11, 2021. No reply has been filed, and the motion is ripe for decision.

*Herzog Servs., Inc.*, 990 F. Supp. 503, 504 (N.D. Tex. 1998) (McBryde, J.) (citing *Seaboard Rice Milling Co. v. Chi., R.I. & P. Ry.*, 270 U.S. 363, 367 (1926)).

Because Dr. Comer filed an answer in state court before filing (in fact, without filing) a special appearance or other challenge to jurisdiction, and he removed the case to this court, he waived his right to challenge this court's personal jurisdiction over him and his objection to venue.

\* \* \*

Accordingly, for the reasons explained, the court denies Dr. Comer's motion to dismiss for lack of personal jurisdiction, or, alternatively, motion to transfer venue.

**SO ORDERED**.

April 9, 2021.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE